# IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT
# ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| GUNAPT DEVELOPMENT, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No._____ |
| PEINE LAKES, L.P., ) | |
| ) | |
| **Serve: CT Corporation System** ) | Division _____ |
| **120 S. Central** ) | |
| **Clayton, MO 63105** ) | |
| ) | |
| and ) | |
| ) | |
| 2010 PEINE ROAD LLC, ) | |
| ) | |
| **Serve: CT Corporation System** ) | |
| **120 S. Central** ) | |
| **Clayton, MO 63105** ) | |
| ) | |
| and ) | |
| ) | |
| CENTERLINE CORPORATE PARTNERS ) | |
| XXVII LP, ) | |
| ) | |
| **Serve: The Corporation Trust Company** ) | |
| **Corporation Trust Center** ) | |
| **1209 Orange Street** ) | |
| **Wilmington, DE 19801** ) | |
| ) | |
| and ) | |
| ) | |
| CENTERLINE AFFORDABLE HOUSING ) | |
| ADVISORS LLC, ) | |
| ) | |
| **Serve: The Corporation Trust Company** ) | |
| **Corporation Trust Center** ) | |
| **1209 Orange Street** ) | |
| **Wilmington, DE 19801** ) | |
| ) | |
| and ) | |
| ) | |
| RELATED CORPORATE XXVI SLP, LLC, ) | |

Electronically Filed - St Charles Circuit Div - November 12, 2020 - 04:00 PM

|  |  |
|---|---|
| **Serve: The Corporation Trust Company** <br> **Corporation Trust Center** <br> **1209 Orange Street** <br> **Wilmington, DE 19801** <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PETITION

Plaintiff Gunapt Development, LLC, by its attorneys, for its claims for relief against Defendants Peine Lakes, L.P., Peine Road, LLC, Centerline Corporate Partners XXVII, LP, Centerline Affordable Housing Advisors, LLC, and Related Corporate XXVI SLP LLC (collectively, "Defendants"), avers and states as follows:

1. Plaintiff Gunapt Development, LLC. ("Gunapt" or "Plaintiff") is a Missouri limited liability company with its office located in St. Louis County, Missouri.

2. Defendant Peine Lakes, L.P. ("Peine Lakes") is a Missouri limited partnership and was, at all relevant times prior to October 2018, the owner of a residential project located in St. Charles County, Missouri commonly known as the Estates at Peine Lake (the "Project").

3. Defendant 2010 Peine Road LLC ("2010 Peine"), is, upon information and belief, a Delaware limited liability corporation and served at all relevant times as the General Partner of Peine Lakes.

4. Defendant Centerline Corporate Partners XXVII LP ("Centerline Corporate") is, upon information and belief, a Delaware limited partnership and was, at all relevant times, a limited partner of Peine Lakes.

5. Defendant Centerline Affordable Housing Advisors LLC ("Centerline Affordable") is, upon information and belief, a Delaware limited liability company and was, at all relevant times, an affiliate of Centerline Corporate.

6. Defendant Related Corporate XXVI SLP LLC ("Related") is, upon information and belief, a Delaware limited partnership and was, at all relevant times, Special Limited Partner of Peine Lakes.

7. Defendants are all affiliated and/or related entities.

8. This court has jurisdiction over Defendants in that they transacted business within Missouri, made contracts within Missouri and owned and/or used real estate situated in Missouri.

9. Venue is proper in this Court in that Gunapt was first injured in St. Charles County, Missouri.

10. Effective January 13, 2006, Gunapt was named Developer of the Project pursuant to a Second Amended and Restated Agreement of Limited Partnership of Peine Lakes, L.P. A true and correct copy of the Second Amended and Restated Agreement of Limited Partnership is attached hereto and incorporated herein by reference as Exhibit 1.

11. Effective January 13, 2006, Gunapt and Peine Lakes entered into an Amended and Restated Development Agreement for the Project. A true and correct copy of the Amended and Restated Development Agreement is attached hereto and incorporated herein by reference as Exhibit 2. Upon the performance of certain obligations under this agreement, Gunapt was entitled to certain development fees.

12. Effective September 22, 2010, 2010 Peine became General Partner of Peine Lakes pursuant to an Amendment to the Second Amended and Restated Agreement of Limited Partnership of Peine Lakes, L.P. A true and correct copy of the Amendment to Second Amended and Restated Agreement of Limited Partnership is attached hereto and incorporated herein by reference as Exhibit 3.

13. Gunapt performed all of its obligations as Developer of the Project and is entitled to payment of the Development Fee and accrued interest thereon.

14. As detailed below, Defendants intended to and did in fact sell the Project after Gunapt became entitled to the Development Fee and accrued interest thereon and embarked on a course of conduct designed to prevent payment of the Development Fee and accrued interest to Gunapt and instead to distribute the funds so that Defendants would benefit financially.

15. Peine Lakes' audited financial statements for the period January 1, 2018 to October 17, 2018 indicate that the amount of the Developer (sic) Fee owed to Gunapt as of December 31, 2017 was $2,547,209.00, plus $1,940,550.00 in accrued unpaid interest.

16. According to the audited financial statements, the Project held unrestricted cash of $418,814 as of December 31, 2016 and $542,863 as of December 31, 2017.

17. In anticipation of the future sale of the Project, Peine Lakes and 2010 Peine failed and refused to use the unrestricted cash to pay down their affiliates' limited partner and general partner advances and the Development Fee or its accrued interest in 2016 and 2017, as required by Section 9.2A of Exhibit 1. By doing so, Peine Lakes and 2010 Peine intended to and did in fact keep the affiliates' advances at high levels sufficient to prevent Gunapt from receiving its Development Fee and accrued interest at the time of sale of the Project pursuant to Section 9.2B of Exhibit 1.

18. On March 23, 2018, Defendants, through their affiliates Centerline Corporate and Related, served notice purporting to require Gunapt to forfeit its rights to the Development Fee and accrued interest. A true and correct copy of the March 23, 2018 notice is attached hereto and incorporated herein by reference as Exhibit 4. The March 23, 2018 notice was not authorized factually or as a matter of law. At the time of the March 23, 2018 notice, Peine Lakes had reached

an agreement in principle to sell the Project for an amount anticipated to exceed $19,000,000, and the notice was issued in bad faith so that Defendants could strip from Gunapt the Development Fee and accrued interest it had earned and instead distribute the fee among Defendants.

19. In October 2018, the Project was sold to an affiliate of Defendants for a price of $19,360,000.00. At the time of the sale, in addition to the proceeds from the sale, Peine Lakes had $739,099.00 in unrestricted cash on hand. As General Partner of Peine Lakes, 2010 Peine was obligated to distribute the sale proceeds and cash on hand pursuant to Section 9.2B of Exhibit 1, including distribution of the Development Fee and accrued interest thereon, to Gunapt.

## COUNT I
**(Breach of Contract)**
**(Plaintiff vs. Peine Lakes and 2010 Peine)**

20. Gunapt restates and incorporates herein by reference the averments contained in Paragraphs 1 through 19 above as if fully set forth herein.

21. Exhibits 1 and 2 constitute valid and binding contracts.

22. Peine Lakes has refused and continues to refuse to pay the Development Fee and accrued interest to Gunapt as required by Exhibits 1 and 2.

23. As General Partner of Peine Lakes, 2010 Peine has refused and continues to refuse to pay the Development Fee and accrued interest to Gunapt as required by Exhibits 1 and 2.

24. The refusal of Peine Lakes and 2010 Peine to pay the Development Fee and accrued interest to Gunapt constitutes a material breach of Exhibits 1 and 2 by Peine Lakes and 2010 Peine.

25. Gunapt has performed its obligations under Exhibits 1 and 2 and has performed all conditions precedent to Peine Lakes and 2010 Peine's performance under Exhibits 1 and 2.

26. As a direct and proximate result of the actions of Peine Lakes and 2010 Peine, Gunapt has been damaged in an amount to be proven at trial and presently believed to be in excess

of $4,500,000, in that Gunapt has been deprived of payment of the Development Fee and accrued interest to which Gunapt is entitled under Exhibits 1 and 2.

WHEREFORE, Gunapt prays for the entry of judgment in its favor against Peine Lakes and 2010 Peine, jointly and severally, in an amount to be proven at trial and presently believed to be in excess of $4,500,000, for pre-judgment interest, for its attorneys fees and costs incurred herein, and for such other and further relief as the Court deems proper.

## COUNT II
### (Action for an Accounting)
### (Plaintiff vs. All Defendants)

27. Gunapt restates and incorporates herein by reference the averments in Paragraphs 1 through 26 above as if fully set forth herein.

28. Under applicable law, Gunapt has a right to an accounting with respect to the distribution of the proceeds from the sale of the Project.

29. Gunapt has been, and is being, denied access to financial documents necessary to determine whether the sale proceeds and unrestricted cash were properly distributed pursuant to the provisions of Exhibits 1 and 2.

30. A complete accounting of the financial condition of the Project from the date on which Gunapt became entitled to payment of the Development Fee and accrued interest thereon, including the distribution of the sale proceeds and unrestricted cash, is necessary and proper under the circumstances.

31. Gunapt has no adequate remedy at law.

WHEREFORE, Gunapt prays that the Court enter an order directing Defendants to provide a complete accounting of the use of the Project's unrestricted cash from January 1, 2016 through the present, including a complete accounting of the distribution of the sale proceeds and

Electronically Filed - St Charles Circuit Div - November 12, 2020 - 04:00 PM

unrestricted cash for the Project, for an award of Gunapt's attorneys fees and costs incurred herein, and for such other and further relief as the Court deems proper.

### COUNT III
### (Unjust Enrichment)
### (Plaintiff vs. All Defendants)

32. Gunapt restates and incorporates herein by reference the averments in Paragraphs 1 through 31 above as if fully set forth herein.

33. Gunapt performed services as Developer of the Project, with an expectation and understanding that Gunapt would be paid for the services performed by Gunapt in the amount of the Development Fee and accrued interest.

34. At Defendants' request, Plaintiff provided services to Defendants and the Project for the benefit of Defendants and the Project.

35. Plaintiff reasonably expected to be paid for the services performed in the amount of the Development Fee and accrued interest.

36. Defendants benefited from the services that Plaintiff performed.

37. Defendants have unreasonably failed and refused and continue to fail and refuse to remit payment to Plaintiff for the services performed by Plaintiff.

38. Plaintiff has not been paid for the services that Plaintiff performed for Defendants and the Project, and the reasonable value of these services is in excess of $4,500,000, the amount of the Development Fee and accrued interest thereon

39. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in the amount of in excess of $4,500,000, plus prejudgment interest at the applicable statutory rate. Plaintiff has also been forced to expend attorneys' fees and costs in seeking to enforce its rights herein.

Electronically Filed - St Charles Circuit Div - November 12, 2020 - 04:00 PM

40.     Upon information and belief, Defendants distributed the Development Fee, accrued interest and unrestricted cash among themselves directly or indirectly, rather than distributing the funds to Gunapt as payment for the developer services performed by Gunapt on the Project.

41.     It would be unfair, unjust and against good conscience to permit Defendants to receive and utilize the funds and their benefits without properly compensating Gunapt for the value of the developer services performed by Gunapt for Defendants and the Project.

WHEREFORE, Gunapt prays for the entry of judgment in its favor and against Defendants, jointly and severally, in such an amount to be determined after an accounting of the Project, as prayed for in Count II, for pre-judgment interest, for an award of Gunapt's attorneys fees and costs, and such other and further relief as the Court deems proper.

## COUNT IV
### (Constructive Trust)
### (Plaintiff vs. All Defendants)

42.     Gunapt restates and incorporates herein by reference the averments in Paragraphs 1 through 41 above as if fully set forth herein.

43.     Upon the sale of the Project, Defendants received and held the Development Fee and accrued interest in trust, for the benefit of Gunapt.

44.     Allowing Defendants to retain and/or distribute the Development Fee and accrued interest to persons or entities other than Gunapt has prevented Gunapt from enjoying the beneficial interest in the Development Fee and accrued interest, which funds are rightfully Gunapt's property, thereby violating established principles of equity.

45.     The Court should impose a constructive trust upon the Development Fee and accrued interest thereon, and/or upon the proceeds from the sale of the Project which proceeds

Electronically Filed - St Charles Circuit Div - November 12, 2020 - 04:00 PM

were distributed to Defendants, and order that Defendants must transfer and pay over to Gunapt the full amount of the Development Fee and accrued interest.

WHEREFORE, Gunapt prays for an order imposing a constructive trust on the funds consisting of the Development Fee and accrued interest and/or upon the proceeds from the sale of the Project which proceeds were distributed to Defendants in an amount to be proven at trial but currently estimated to exceed $4,500,000, plus pre-judgment interest, awarding Gunapt its attorneys' fees and costs incurred herein, and for such other and further relief as the Court deems proper.

**COUNT V**
**(Tortious Interference with Contract)**
**(Plaintiff vs. 2010 Peine, Centerline Corporate, Centerline Affordable and Related)**

46. Gunapt restates and incorporates herein by reference the averments in Paragraphs 1 through 45 as if fully set forth herein.

47. Gunapt and Peine Lakes are parties to Exhibits 1 and 2, and Gunapt had a contract and/or business expectancy with respect to Exhibits 1 and 2 and the Project.

48. Defendants 2010 Peine, Centerline Corporate, Centerline Affordable, and Related (the "Count V Defendants") knew of Gunapt's contract and/or business expectancy described above.

49. The Count V Defendants improperly and wrongfully induced Peine Lakes to breach its contractual obligations owed to Gunapt in Exhibits 1 and 2 by, among other actions, failing to distribute the Development Fee and accrued interest thereon to Gunapt at the time of sale of the Project pursuant to Exhibits 1 and 2.

50. The actions of the Count V Defendants described above were without justification, excuse, or privilege.

51. As a direct and proximate result of the actions of the Count V Defendants, Gunapt was damaged in that Gunapt was deprived of payment of the Development Fee and accrued interest thereon in the amount presently estimated to exceed $4,500,000.  Plaintiff has also been forced to expend attorneys' fees and costs in seeking to enforce its rights herein.

52. The actions of the Count V Defendants as alleged herein were intentional, outrageous, willful, wanton and guided by evil motive or reckless indifference to the rights of Plaintiff and justify the imposition of punitive damages against Defendants.

WHEREFORE, Gunapt prays for the entry of judgment against the Count V Defendants, jointly and severally, for Gunapt's actual damages in an amount that is fair and reasonable in excess of $25,000, for an award of punitive damages, for an award of Gunapt's attorneys' fees and costs incurred herein, and such other and further relief as the Court deems proper.

### COUNT VI
### (Civil Conspiracy)
### (Plaintiff vs. All Defendants)

53. Gunapt restates and incorporates herein by reference the averments in Paragraphs 1 through 52 as if fully set forth herein.

54. Defendants had a meeting of the minds and agreed to engage in the wrongful conduct set forth above in order to rob Plaintiff of the Development Fee and accrued interest to which Plaintiff was entitled.

55. Defendants engaged in such conduct in furtherance of their conspiracy by, among other things, embarking on a course of conduct designed to prevent payment of the Development Fee and accrued interest to Gunapt so that Defendants could themselves benefit financially. Among other things, Defendants failed to use unrestricted cash on the Project to pay down affiliate advances and the Developer Fee and accrued interest and kept affiliate advances at high levels so

Electronically Filed - St Charles Circuit Div - November 12, 2020 - 04:00 PM

as to prevent Gunapt from receiving the Development Fee and accrued interest; Defendants served in bad faith a notice purporting to require Ganapt to forfeit its rights to the Development Fee and accrued interest; and Defendants failed to pay to Gunapt the Development Fee from the proceeds of the sale of the Project, all in an effort to financially benefit themselves.

56. Defendants acted unlawfully and with an unlawful objective.

57. As a direct result of Defendants' actions, Plaintiff has been damaged in an amount in excess of $25,000. Plaintiff has also been forced to expend attorneys' fees and costs in seeking to enforce its rights herein.

58. The actions of Defendants as alleged herein were intentional, outrageous, willful, wanton and guided by evil motive or reckless indifference to the rights of Plaintiff and justify the imposition of punitive damages against Defendants.

WHEREFORE, Gunapt prays for the entry of judgment against Defendants, jointly and severally, for Gunapt's actual damages in an amount that is fair and reasonable in excess of $25,000, for an award of punitive damages, for an award of Gunapt's attorneys' fees and costs incurred herein, and such other and further relief as the Court deems proper.

Respectfully submitted,

**ROSENBLUM GOLDENHERSH, P.C.**

BY: /s/ John J. Gazzoli, Jr.
John J. Gazzoli, Jr., #24781
Theresa A. Phelps, #55023
Jessica C. Gittemeier, #65924
7733 Forsyth Blvd., 4th Floor
St. Louis, MO 63105
(314) 726-6868
(314) 726-6786 (facsimile)
jgazzoli@rosenblumgoldenhersh.com
tphelps@rosenblumgoldenhersh.com
jgittemeier@rosenblumgoldenhersh.com

Electronically Filed - St Charles Circuit Div - November 12, 2020 - 04:00 PM

*Attorneys for Plaintiff Gunapt Development, LLC*