**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| GUNAPT DEVELOPMENT, L.L.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-01778-MTS |
| | ) | |
| PEINE LAKES, L.P., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file.  The Court notes an issue with subject matter jurisdiction.  *See Bueford v. Resol. Tr. Corp.*, 991 F.2d 481, 485 (8th Cir. 1993) (noting lack of subject matter jurisdiction "may be raised at any time by a party to an action, or by the court *sua sponte*").  The purported subject matter jurisdictional basis for this case is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Doc. [39] ¶ 9.  To have diversity jurisdiction in this case, besides the amount in controversy exceeding $75,000, all plaintiffs must be diverse from all defendants in such a way that "no defendant is a citizen of the same state as any plaintiff."  *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003).

But Plaintiffs' Amended Complaint does not sufficiently plead the citizenship for all parties.  For example, Plaintiffs have not pleaded the citizenship of the members of the LLC parties.  *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding, for diversity jurisdiction purposes, an LLC's citizenship is the citizenships of all its members).  Nor have Plaintiffs pleaded the citizenship of the members of the limited

partnership parties.  *See Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991) (noting "the citizenship of a limited partnership is the citizenship of each of its partners").

Further, it is not enough to establish subject matter jurisdiction by pleading "on information and belief" that a party is "a citizen of a state or states other than Missouri."  *See, e.g.*, Doc. [39] ¶ 4; *see McMahon v. Robert Bosch Tool Corp.*, No. 4:18-cv-505-CAS, 2018 WL 1744539, at *2 (E.D. Mo. Apr. 11, 2018) (noting plaintiff's "conclusory assertion[s]" were not "factual allegation[s] sufficient to establish th[e] defendant's citizenship"); *Putnam v. Engine & Transmission World, L.L.C.*, No. 4:11-cv-1492-CEJ, 2012 WL 3064271, at *3 (E.D. Mo. July 27, 2012); *see also Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (noting courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions").

If Plaintiffs can establish this Court's jurisdiction, they shall file a Second Amended Complaint.  The Complaint should not make any substantive changes, beyond jurisdictional edits, without leave of Court or the written consent of Defendants.  *See* Fed. R. Civ. P. 15(a). Plaintiffs shall file the Second Amended Complaint within twenty-one (21) days of the date of this Memorandum and Order.  Defendants then will have fourteen (14) days from the date of the Second Amended Complaint's filing to file "any required response."  *See id.*  Defendants, for example, may refile their Motion to Dismiss, see Doc. [42], a modified version of it, or may answer.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall, in accordance with this Memorandum and Order, file a Second Amended Complaint within twenty-one (21) days of this date.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, Doc. [42], is **DENIED** *without* prejudice as moot.

**IT IS FINALLY ORDERED** that Defendants shall file any required response to the Second Amended Complaint within fourteen (14) days of its filing.

Dated this 24th day of August, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE