**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| GUNAPT DEVELOPMENT, L.L.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-1778-MTS |
| | ) | |
| PEINE LAKES, L.P., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Add a Party-Defendant, Doc. [71], pursuant to Federal Rules of Civil Procedure 15, 16, 19, 20, and 21. Plaintiffs seek to amend their Second Amended Complaint ("Complaint"), Doc. [48], via an Amendment by Interlineation, Doc. [71-1], on the basis that recent discovery has revealed the need to add a party-defendant. Defendants oppose the Motion. For the reasons that follow, the Court grants Plaintiffs' Motion.[1]

To briefly summarize, Plaintiffs filed this lawsuit asserting claims against five named Defendants relating to the development of a construction project and the subsequent sale of that project.[2] According to the Complaint, Plaintiffs were entitled to payment of a Development Fee and repayment of a loan, that to date, Defendants have failed to pay. Plaintiffs filed a seven-count Complaint for: breach of contract (Counts I–II); accounting (Count III); unjust enrichment (Count IV); constructive trust (Count V); tortious interference (Count VI); and civil conspiracy (Count VII). Doc. [48]. Pertinent to the current motion, Plaintiffs assert a claim for unjust enrichment in

---

[1] Although not argued by the parties, the Court notes, for jurisdictional purposes, that Torch has individual members residing in Colorado, such that diversity jurisdiction would still exist in this case by adding Torch as a party-defendant.
[2] For a more detailed explanation of the facts, see the Court's previous Memorandum and Order on Defendants' Motion to Dismiss. Doc. [68]; *Gunapt Dev., L.L.C. v. Peine Lakes, L.P.*, 4:20-cv-1778-MTS, 2022 WL 1288356 (E.D. Mo. Apr. 29, 2022).

1

Count IV based on the Development Fee while in Count V, Plaintiffs seek to impose a constructive trust upon the funds constituting the Development Fee.

In the current Motion, Plaintiffs seek to add Alden Torch Financial LLC ("Torch") as a party-defendant with respect to existing Count V (Constructive Trust). As grounds for this Motion, Plaintiffs state that during a recent Rule 30(b)(6) deposition of the current Defendants, Plaintiffs learned that the funds constituting the Development Fee were paid to Torch or filtered through Torch.

The Court finds that Plaintiffs have demonstrated good cause to amend the Complaint and join an additional party. *See* Fed. R. Civ. P. 16(b);[3] *Aware Prod. LLC v. Epicure Med., LLC*, 4:21-cv-249-JCH, 2022 WL 1451676, at *2 (E.D. Mo. May 9, 2022) (allowing party to amend complaint upon discovery of new evidence); *Brown v. Trump*, 4:18-cv-389-MTS, 2020 WL 6544224, *2 (E.D. Mo. Nov. 6, 2020) (finding good cause shown to amend complaint after deadline where plaintiff represented that he brought his motion "as soon as practicable after finding the new evidence during discovery").[4] Moreover, the Court finds that Torch is either a necessary or a permissive party. *See* Fed. R. Civ. P. 19, 20.

The Court also finds that Plaintiffs' amendment would not be futile. *See Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013) (denying request to amend complaint if amendment is "futile"); *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (explaining a requested amendment is futile "if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6)'"). While Defendants are correct in asserting that a

---

[3] The Court applies Rule 16, as opposed to 15, because the Case Management Order, Doc. [41], deadline for joinder of additional parties expired on October 15, 2021. *Brown v. Trump*, 4:18-cv-389 MTS, 2020 WL 6544224, at *1 (E.D. Mo. Nov. 6, 2020) (applying Rule 16 instead of Rule 15 when deadlines to amend pleadings has passed).
[4] The amendment comes only two weeks after the Court's ruling denying Defendants' Motion to Dismiss, Doc. [68], and within one month of the 30(b)(6) deposition.

constructive trust is *not* an independent claim or cause of action, Plaintiffs' constructive trust claim is sufficiently tethered to Plaintiffs' unjust enrichment claim. *See Brown v. Brown*, 152 S.W.3d 911, 916–921 (Mo. Ct. App. 2005) (recognizing unjust enrichment as a valid basis for the imposition of a constructive trust). In Count IV of the Complaint, Plaintiffs allege unjust enrichment as to the Development Fee against *all* Defendants. Doc. [48] ¶¶ 47–57. In Plaintiffs' proposed amendment, Plaintiffs allege that Torch "received and/or distributed the funds that are the subject of this litigation," such as the Development Fee.[5] Doc. [71-1]; *see also* [72-1]. In other words, Plaintiffs allege that the identifiable monies can be traced through the various Defendants and ultimately to Torch such that Plaintiffs have a right to monies that Torch allegedly holds and has wrongfully withheld.[6] *Ralls Cty. Mut. Ins. Co. v. RCS Bank*, 314 S.W.3d 792, 795 (Mo. Ct. App. 2010) (defining constructive trust "as the device used by chancery to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs" (quoting *Brown*, 152 S.W.3d at 916)).

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Add a Party-Defendant, Doc. [71], is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and provide to the Court, no later than June 21, 2022, a proposed Amended Case Management Order amending appropriate deadlines.

---

[5] The Court already held Plaintiffs sufficiently pleaded the *res* upon which the constructive trust is based. *Gunapt*, 2022 WL 1288356 at *4.
[6] Defendants argue that Plaintiffs had no property interest of which they could be deprived. But, as previously explained, Plaintiffs claimed that they were owed the Development Fee and Loan, and Defendants' denial of these rights is a question of fact that is resolved in favor of Plaintiffs at this stage.

3

It is so ordered.

Dated this 13th day of June, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE